**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Civil Action No. ____2:20-cv-14467_____

VIRGINIA EBANKS,

     Plaintiff,

v.

CREDIT CORP SOLUTIONS, INC.

     Defendant,

_____/

## COMPLAINT

**NOW COMES** Plaintiff, VIRGINIA EBANKS, through undersigned counsel, complaining of Defendant, CREDIT CORP SOLUTIONS, INC., as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    VIRGINIA EBANKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2073 SE Lennard Rd, Apt 310, Port Saint Lucie, Florida 34952.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.      CREDIT CORP SOLUTIONS, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Utah.

7.      Defendant maintains a principal place of business at 121 West Election Road, Suite 200, Draper, Utah 84020.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.      At some point, Plaintiff applied and was approved for a line of credit through Rooms to Go.

11.      Due to unforeseen financial difficulties, Plaintiff was unable to stay current on her obligation to Rooms to Go.

12.      Upon information and belief, at the time that Plaintiff fell into default with Rooms to Go, she owed approximately $2,430.62 ("subject debt").

13.      Plaintiff's $2,430.62 balance is a "debt" as defined by 15 U.S.C. §1692a(5).

14.      Plaintiff's $2,430.62 balance – once unpaid – was referred for collection.

15.      Defendant mailed Plaintiff a letter, dated December 15, 2020 (the "Letter"), which stated:

### Intentionally left blank

2

Virginia Ebanks
2073 SE Lennard Rd Apt 310
Port Saint Lucie, FL 34952-4756

**Credit Corp Solutions**

CREDIT CORP SOLUTIONS, INC
121 W Election Road  Suite 200
Draper, UT 84020
E-mail: info@creditcorponline.com
Website: www.creditcorponline.com
Office Hours: 6:00am - 7:30pm MST Mon-Thurs
6:00am - 5:30pm MST Fri
Toll Free: 800-483-2361

Original Creditor:       Synchrony Bank/Rooms To Go
Original Account:        ************7759
Current Creditor:        Credit Corp Solutions Inc
Balance Outstanding:  $2,430.62
Reference Number:      30832885

**Notice of Assignment**                         Date: December 15, 2020

Dear Virginia Ebanks,

We write to advise you that Credit Corp Solutions, Inc. has recently acquired all rights, title and interest in the above referenced account from Rooms To Go.

Please contact us toll free, at 800-483-2361, with any questions you might have or if you believe we have contacted you in error.

Sincerely,

Credit Corp Solutions, Inc.
800-483-2361
info@creditcorpsolutionsinc.com

Please note that a TTY (Text Telephone) Relay Service is available to assist customers that have a hearing or speech impairment. In order to communicate with our office through the relay service, please call the relay operator at 800-421-1220.

This communication is from a debt collector.  This is not an attempt to collect a debt but rather for notification purposes only.

16.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.     The Letter is the only written communication that Plaintiff has received from Defendant to date.

18.     The Letter specifically states it is a communication from a debt collector.

19.     At no point in time after receiving this communication did Plaintiff receive any other written communication from Defendant.

3

20.     Specifically, at no point did Plaintiff received a letter from Defendant including the notice required by 15 U.S.C. §1692g.

## DAMAGES

21.     The statute (FDCPA) thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

22.     The value of receiving complete and truthful information about one's financial affairs is of the upmost importance and material in making a decision about ones financial affairs.

23.     As a result of Defendant's illegal collection practices Plaintiff was deprived of her statutorily guaranteed FDCPA rights.

24.     Plaintiff was deprived of material information regarding the subject debt which did not allow her to make a full and complete assessment of Defendant's collection activity and resulting in an inability to make a decision as to how to handle the subject debt.

25.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

26.     Paragraphs 10 to 25 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

27.     Section 1692g of the FDCPA requires debt collectors to make certain disclosures regarding a consumer's right to dispute the validity of a debt and request verification of the same within five days of the initial communication between the consumer and the debt collector.

28.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

29.     The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

30.     The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

31.     Defendant violated 15 U.S.C. § 1692g(a) by failing to include and or provide the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

32.    Defendant's letter was the only communication which Plaintiff has received from Defendant, and the Letter fails to include the information required by 15 U.S.C. §1692g.

33.    Defendant violated 15 U.S.C. §1692g by failing to provide Plaintiff with the disclosures required by the FDCPA.

34.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692g pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff. VIRGINIA EBANKS, requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. § 1692g;

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. §1692k(a)(1);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A);

D.    an award of costs of this action including expenses together with reasonable attorney's fees as determined by this Court pursuant to 15 U.S.C. §1692k(a)(3); and

E.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 29, 2020

Respectfully Submitted,

**VIRGINIA EBANKS**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com